```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MICHAEL K. CARBONE, on behalf of
plaintiff and a class,

                 Plaintiff,
                                          MEMORANDUM & ORDER
        -against-                         15-CV-4919(JS)(ARL)

CALIBER HOME LOANS, INC. and U.S.
BANK TRUST, N.A., as Trustee of LSF9
Master Participation Trust,

                 Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:         Abraham Kleinman, Esq.
                       Kleinman, LLC
                       626 RXR Plaza
                       Uniondale, NY 11556

                       Tiffany N. Hardy, Esq.
                       Edelman Combs Latturner & Goodwin LLC
                       20 South Clark Street, Suite 1500
                       Chicago, IL 60603

For Defendants:
Caliber Home           Brian P. Hennessy, Esq.
Loans, Inc.            Perkins Coie LLP
                       3150 Porter Drive
                       Palo Alto, CA 94304

                       David T. Biderman, Esq.
                       Perkins Coie LLP
                       1888 Century Park East, Suite 1700
                       Los Angeles, CA 90067

                       Frederick Rivera, Esq.
                       Perkins Coie LLP
                       1201 Third Avenue, Suite 4900
                       Seattle, WA 98101

                       Manny Joseph Caixeiro, Esq.
                       Perkins Coie LLP
                       30 Rockefeller Plaza, 22nd Floor
                       New York, NY 10112
```

U.S. Bank Trust,
N.A.,					Manny Joseph Caixeiro, Esq.

SEYBERT, District Judge:

Plaintiff Michael K. Carbone ("Plaintiff") filed this putative class action against Caliber Home Loans, Inc. ("Caliber") and U.S. Bank Trust, N.A. ("U.S. Bank"), as Trustee of LSF9 Master Participation Trust ("LSF9"), (collectively, "Defendants") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., including TILA's implementing regulation, Regulation Z, 12 C.F.R. pt. 1026. Two motions are pending before the Court: (1) Defendants' motion to dismiss the Complaint (Docket Entry 23) and (2) Defendants' partial motion to dismiss the Amended Complaint (Docket Entry 28). For the following reasons, Defendants' partial motion to dismiss the Amended Complaint is GRANTED, and their motion to dismiss the Complaint is DISMISSED AS MOOT.

BACKGROUND[1]

Caliber acquires and services mortgage loans that are delinquent or in default. (Am. Compl., Docket Entry 26, ¶¶ 7-8.)

---

[1] The facts alleged in the Amended Complaint are presumed to be true for the purposes of this Memorandum and Order. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572, 127 S. Ct. 1955, 1975, 167 L. Ed. 2d 929 (2007) ("[A] judge ruling on a defendant's motion to dismiss a complaint must accept as true all of the factual allegations contained in the complaint." (internal quotation marks and citation omitted)).

Plaintiff, a New York resident, has a residential mortgage loan that is owned by LSF9 and serviced by Caliber (the "Loan"). (Am. Compl. ¶¶ 5, 16.) Payments were delinquent in 2014 when LSF9 acquired the Loan and Caliber began servicing it. (Am. Compl. ¶¶ 16-18.)

On November 17, 2014, Caliber sent a Notice of Debt to Plaintiff. (Am. Compl. ¶ 24; see also Pl.'s Ex. F, Notice of Debt, Docket Entry 31-6.) In the body of the letter, The Notice of Debt stated, in pertinent part:

> You have thirty (30) days upon receipt of this letter to dispute the validity of the debt or any part of it. If you do not dispute it within that period, we will assume that the debt is valid. <u>If you dispute the debt, please contact us in writing to the above referenced address</u>, and we will mail to you or your authorized representative verification of the debt. Verification of the debt will include all documents signed by you concerning the debt, a payment history of the debt which includes the dates and amount of payments, credits, balances and charges concerning the debt, the name and address of the original creditor, and a copy of any judgment against you regarding the debt. If, within thirty (30) days after the date you receive this letter, you request in writing the name and address of your original creditor, we will furnish you with that information. Please send written requests to: Caliber Home Loans, Inc., P.O. Box 24610, Oklahoma City, OK 73124-0610.

(Notice of Debt (emphasis added).) The "above referenced address" which is mentioned in the body, is listed at the top of the letter

and appears to be P.O. Box 619063, Dallas, Texas 75261-9063, which is "FOR RETURN SERVICE ONLY." (See Notice of Debt.)

On August 20, 2015, Plaintiff commenced this lawsuit. (See Docket Entry 1.) He later filed an Amended Complaint asserting an FDCPA claim against Caliber and a TILA claim against U.S. Bank. (Am. Compl. ¶¶ 38–43, 51-59.) Specifically, as to Caliber, Plaintiff makes two arguments: (1) Caliber violated Section 1692g because it altered the statutory notice of debt to require Plaintiff to dispute a debt in writing, (Am. Compl. ¶ 30(a)), and (2) the Notice of Debt is misleading in violation of Sections 1692e(2) and (10) because it lists two addresses, one of which is for return mail only (Am. Compl. ¶ 30(b).).

Defendants filed a partial motion to dismiss the Amendment Complaint for these two claims against Caliber.[2] (Docket Entry 28.) As for Section 1692g, Defendants argue that "Caliber's notice virtually mirrors the statutory language contained in the FDCPA." (Defs.' Br., Docket Entry 29, at 1.) As for Section 1692e, Defendants contend that the FDCPA "does not impose requirements on debt collectors about addresses to which consumers may send requests for information." (Def.'s Br. at 14.)

---

[2] Defendants do not challenge the TILA allegations under Count II against U.S. Bank.

4

DISCUSSION

I. Legal Standard

When reviewing a motion to dismiss, the Court construes "the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, 127 S. Ct. at 1974, and allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Although the plaintiff need not provide "detailed factual allegations" to support his claims, Twombly, 550 U.S. at 555-56, 127 S. Ct. at 1964, Rule 12(b)(6) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

II. The Fair Debt Collection Practices Act

The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001); see also 15 U.S.C. § 1692(e) (describing that the purpose of the statute is "to eliminate abusive debt collection practices"). To assert a claim under the FDCPA, Plaintiff must

allege that: (1) she was a "consumer"; (2) Caliber was a "debt collector"; and (3) Caliber's act or omission violated the FDCPA. See Polanco v. NCO Portfolio Mgmt., Inc., 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (internal quotation marks and citation omitted).

III. Section 1692g

Plaintiff's first theory is that the Notice of Debt "represent[s] that any dispute must be in writing" in violation of Section 1692g. (Am. Compl. ¶ 30(a).) In relevant part, Section 1692g provides the following:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be

6

> mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Important to this decision, subsection (3) permits a consumer to dispute a debt orally or in writing, but subsection (4) requires a dispute in writing if the consumer wishes to receive verification of the debt or a copy of the relevant judgment.

In determining whether a communication violates the FDCPA, the Second Circuit uses an objective "least sophisticated consumer" standard, Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993), which is a question of law for the Court to decide. See Shami v. Nat'l Enter. Sys., 914 F. Supp. 2d 353, 359-60 (E.D.N.Y. 2012). For example, "[a] debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998).

Here, Plaintiff has plausibly alleged that the Notice of Debt "contain[s] language that 'overshadows' or 'contradicts' other language that informs [him] of [his] rights." See Clomon, 988 F.2d at 1319 (citation omitted). A natural reading of the

7

third sentence suggests that Plaintiff must dispute the debt in writing. (See Notice of Debt ("<u>If you dispute the debt, please contact us in writing to the above referenced address</u>, and we will mail to you or your authorized representative verification of the debt." (emphasis added)).) To be sure, the first two sentences contain no written requirement, but the third sentence renders them unclear.

Defendants' reliance on <u>Abramov v. I.C. System, Inc.</u>, 54 F. Supp. 3d 270 (E.D.N.Y. 2014), is unpersuasive. There, the Notice of Debt contained the following language:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. <u>If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt</u> or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

<u>Id.</u> at 273 (emphasis added). Although the Court took issue with language contained elsewhere, it did recognize that the above referenced language "follows almost verbatim the language of Section 1692g(a)--that is, it does not indicate that a writing is required to contest a debt, but rather only to trigger the debt collector's obligations to obtain and provide . . . verification of the debt." <u>Id.</u> at 276. Unlike the Notice of Debt in this case, the <u>Abramov</u> notice provided clearer guidance, advising that the

8

debt collector would provide verification if the consumer chooses to dispute the debt in writing. Accordingly, the Notice of Debt would confuse the least sophisticated consumer, and Defendants' motion to dismiss is DENIED as to Plaintiff's Section 1692g claim against Caliber.

IV. Section 1692e

Plaintiff's second theory is that Caliber's use of two addresses violated Sections 1692e(2) and (10). (Am. Compl. ¶ 30(b).) Section 1692e forbids a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2) prohibits "[t]he false representation of-- (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2). Section 1692e(10) is a "'catch-all' provision that prohibits '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.'" Gutierrez v. GC Servs. Ltd. P'ship, No. 09-CV-4606, 2010 WL 3417842, at *3 (E.D.N.Y. Aug. 27, 2010) (quoting 15 U.S.C. § 1692e(10) (alteration in original)). All of these provisions are evaluated under the objective "least sophisticated consumer" standard. See Clomon, 988 F.2d at 1318. "In addition, in applying this standard, several courts have also

held that a statement must be <u>materially</u> false or misleading to violate Section 1692e." Lane v. Fein, Such & Crane, LLP, 767 F. Supp. 2d 382, 389 (E.D.N.Y. 2011) (emphasis in original) (collecting cases).

Here, Plaintiff has plausibly alleged that the "above referenced address" is materially misleading. True, the FDCPA does not impose a requirement on the number of addresses listed in a notice of debt. But the issue is that the "above referenced address" in Texas, which is to be used for any written requests, is for return mail only. At the end of the letter, however, the Notice of Debt advises Plaintiff to send any written requests to an Oklahoma address. (See Notice of Debt.) It would appear that written requests are directed to an address that only handles return mail. Accordingly, the hypothetical least sophisticated consumer could be confused by the presence of these two addresses.

Defendants rely heavily on Becker v. Genesis Financial Services, No. 06-CV-5037, 2007 WL 4190473 (E.D. Wash. Nov. 21, 2007), for the proposition that two addresses are permissible. (Def.'s Br. at 15–16.) But that case supports Plaintiff, not Defendants. There, the notice of debt contained two addresses, one in the upper left corner and the second in the center of the letter. Becker, 2007 WL 4190473, at *3. At the summary judgment stage, the Eastern District of Washington rejected the consumer's Section 1692e(10) claim because "she fail[ed] to refute . . . that

both addresses accepted debt disputes." Id. at *7.  But critically, the court did recognize that "[t]wo separate addresses on a single letter could confuse the least sophisticated consumer." Id.  That finding applies in this case.  Granted, Plaintiff has not alleged that he made a request for information but never received a response because he sent his written request to the Texas address.  But at the motion to dismiss stage, Plaintiff's allegations that two addresses are materially misleading are sufficient to plausibly state a claim.  Thus, Defendants' motion to dismiss is DENIED as to Plaintiff's Section 1692e claim against Caliber.

As a final point, Defendants previously moved to dismiss the Complaint in its entirety.  (Docket Entry 23.)  Plaintiff did not respond directly but rather, filed the Amended Complaint.  Accordingly, the Court need not address this motion, which is DISMISSED AS MOOT.

CONCLUSION

Defendants' partial motion to dismiss the Amended Complaint (Docket Entry 28) is DENIED, and their motion to dismiss the Complaint is DISMISSED AS MOOT (Docket Entry 23).

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated:  September   30  , 2016  
        Central Islip, New York